**In re Joseph Harold HICKEY, Elfriede Cristine Hickey, Debtors.**

**Bankruptcy No. 2-83-01066.**
**Adv. Nos. 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, 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.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Aug. 24, 1983.

Jan Michael Long, Circleville, Ohio, for debtors.

Robert R. Shaw, Columbus, Ohio, for creditor City Sav. and Loan Co.

## ORDER DENYING APPLICATION FOR LIEN AVOIDANCE

G.L. PETTIGREW, Bankruptcy Judge.

The matter before the Court is the debtors' application, pursuant to 11 U.S.C. § 522, to avoid the lien held by City Savings and Loan Co. on certain household goods of the debtors. For the reasons set out below, the Court hereby denies said application.

■ The lien in question attached to the debtors' property on September 13, 1977, more than a year before the enactment of § 522. Pursuant to the provisions of the Ohio Uniform Commercial Code, City Savings and Loan filed a continuation statement with the Pickaway County Recorder's Office on August 11, 1982. This statement referred to the original financing statement evidencing City Savings' lien. The original financing statement described City Savings' collateral as "consumer goods, including but not limited to furniture, appliances and all other household goods and effects of every kind and description."

City Savings, in opposition to the debtors' application, argues that § 522 cannot operate to divest it of its lien as the lien at-

tached prior to the enactment of the section. *U.S. v. Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). The debtors counter this by arguing that the filing of the continuation statement in 1982, almost three years after the effective date of the Code, operated to create a new lien which attached after the effective date of § 522 and that was, therefore, subject to its avoidance provisions. The debtors also argue that City Savings' security interest was invalid in that its financing statement did not adequately describe the collateral.

In the *Security Industrial Bank* case, *supra,* the United States Supreme Court held that Congress did not intend the lien avoidance provisions of § 522(f) to apply to liens arising prior to the enactment of the Bankruptcy Reform Act of 1978. This interpretation was made in order to give effect to the presumption of constitutionality which attaches to statutes regulating economic matters.

In the present case, it is undisputed that City Savings' lien arose prior to the enactment of the 1978 Bankruptcy Act. The parties only dispute is the effect of the 1982 financing statement. The authorities are unanimous that the filing of a continuation statement does not give rise to a new lien. Instead, its only effect is to continue the perfection of the previously existing lien. Opinion of the Attorney General of Michigan, Opinion No. 4800 (1973), 13 UCC 971; Opinion of the Attorney General of Ohio No. 74–025 (1974), *Chrysler Credit Corp. v. United States,* 24 UCC 794 (E.D.Va.1978). Hence, it becomes clear that City Savings' lien cannot be avoided, in light of the Supreme Court's interpretation of § 522(f) in the *Security Industrial Bank* case.

■ As mentioned above, the debtors also assert that City Savings' lien is invalid because the financing statement evidencing the lien does not adequately describe the collateral subject to the lien. The debtors rely on the case of *In re Lehner,* 303 F.Supp. 317 (D.Col.1969), in which the District Court held that a description of the collateral consisting only of the words "con-

sumer goods" was fatally deficient. However, this case is clearly distinguishable from the case at bar. In the present case, the description of the collateral, stated above, was more specific than the general description relied on in *In re Lehner.* Hence, its result is not binding on this Court. Furthermore, Ohio Revised Code in § 1309.39(A) states that, "A financing statement is sufficient if it ... contains a statement indicating the types ... of collateral." Hence, even if the financing statement in the present case had only described the collateral as "consumer goods", it appears that such a description would be proper.

But even assuming, *arguendo,* that the description contained in the financing statement was insufficient, this would have no effect on the secured status of City Savings vis-a-vis the debtors. The validity of the financing statement only affects the secured party's rights in relation to third parties. It does not have any bearing on the creditor's rights in the collateral as between it and the debtors. See White and Summers, *Handbook of The Law Under The Uniform Commercial Code,* (2d ed. 1980), § 23–1. Since § 522(f) creates a right that is vested in the debtor, rather than a third party such as the trustee, the validity of the financing statement is irrelevant in this context.[1]

In light of the foregoing, this Court finds that the debtors' application for lien avoidance is not well taken, and therefore, orders that it be denied.

IT IS SO ORDERED.

---

1. While the invalidity of the security agreement between the debtors and the creditor would be very relevant in the context of § 522, there was no evidence presented which indicated any de- fect in the security agreement which gave rise to the lien that is the subject of the instant case.